```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
          -v-                            :    04 Cr. 11100 (DLC)
                                         :
ANGELO DIPIETRO,                         :         OPINION
     a/k/a "Fat Angelo,"                 :        AND ORDER
                                         :
          Defendant.                     :
                                         :
---------------------------------------- X
```

Appearances:

For United States of America:

Timothy J. Treanor
Jennifer G. Rodgers
Benjamin Gruenstein
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Pro Se Defendant:
Angelo DiPietro
USP Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887

DENISE COTE, District Judge:

　　　Angelo DiPietro ("DiPietro") has filed a motion pursuant to Rule 33, Fed. R. Crim. P., for a new trial. DiPietro was one of six defendants convicted of racketeering charges, among other crimes, following a three-and-a-half-month trial. He was sentenced on June 30, 2006, principally to 210 months in prison, to be followed by 300 months in prison for a firearms offense in

violation of 18 U.S.C. § 924(c).[1]  For the following reasons, the motion is denied.

BACKGROUND

DiPietro's motion principally concerns his representation at trial by Martin Geduldig ("Geduldig"), who was appointed just weeks prior to trial from this district's CJA Panel to replace retained counsel Joseph A. Bondy ("Bondy").  Through a letter of September 9, 2005, Bondy notified the Court that DiPietro had just informed him that his family could not pay his fees for the trial in this matter, which was scheduled to begin on September 26, 2005.[2]  Bondy had recently represented DiPietro at another criminal trial in this district, and funding that representation had exhausted the DiPietro family resources.  Bondy requested that he be appointed pursuant to the Criminal Justice Act to represent DiPietro, although Bondy is not a member of this district's CJA Panel.  The Court denied the application, but permitted Bondy to arrange for CJA counsel to be appointed to assist him in representing DiPietro so long as Bondy remained available as co-counsel until incoming CJA counsel had mastered the case.  See United States v. Parker, 469 F.3d 57, 62 (2d Cir.

---

[1] The 300-month term of imprisonment is to follow the 210-month sentence in this case and a term of imprisonment of 324 months imposed on May 31, 2006 in another federal prosecution in this district.

[2] The trial date of September 26, 2005, had been set on November 3, 2004.

2

2006) (declining to appoint non-panel counsel as CJA counsel on appeal).

At a conference on September 13, Bondy explained that CJA panel attorney Geduldig was available to represent DiPietro at trial. Geduldig also represented that he was able to start the trial on September 26, since Bondy had assured him that he would work with him to get him "up to speed." Bondy represented that he would remain available to Geduldig and DiPietro until Geduldig was ready to represent DiPietro without him. At that time he would ask to be formally relieved.

Geduldig was appointed at the September 13 conference to represent DiPietro. The Court also allowed Geduldig to hire a paralegal in order to assist him in getting ready for trial. Geduldig immediately hired an attorney, who agreed to act as a paralegal and to be compensated as such. The paralegal's appointment was extended twice, until October 31.

In a letter of September 21, Bondy asked to be excused from attending the trial until such time as Geduldig needed or requested his assistance. His application was addressed at the beginning of the trial, on September 26. At that time, Geduldig also applied to have Bondy excused. Geduldig confirmed that Bondy had indicated that he would come to court if Geduldig needed him. Geduldig represented that he felt fully capable of representing DiPietro in Bondy's absence and Bondy repeated that

3

he would come to court at any point during the trial that Geduldig requested his presence. The Court addressed DiPietro as follows:

> I had required, as you know, that Mr. Bondy remain a participant in all proceedings, including every moment of this trial, until we were comfortable that Mr. Geduldig had become thoroughly familiar with this case and could give you entirely adequate representation in Mr. Bondy's absence . . . . Mr. DiPietro, having heard everything that's being said, do you excuse Mr. Bondy from being present at trial every day?

DiPietro answered, "Yes, I do." In response to the question, "And you're confident that Mr. Geduldig is in a position now to represent you fully without Mr. Bondy here present in court?" DiPietro answered, "Yes, I do."

At the end of the court day on November 2, the Court inquired of Geduldig whether "we are at the point where I can officially relieve Mr. Bondy." Geduldig agreed. That same day, an Order was issued relieving Bondy as counsel, based on Geduldig's representation that he no longer needed Bondy's assistance "and based on [the] Court's observations", which confirmed that fact.

DISCUSSION

Federal Rule of Criminal Procedure 33 states that "[u]pon the defendant's motion," the district court "may vacate any judgment and grant a new trial if the interest of justice so

4

requires." Fed. R. Crim. P. 33(a). The time limits for filing a Rule 33 motion are as follows:

> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.
>
> . . .
>
> (2) Other grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

Fed. R. Crim. P. 33(b)(emphasis supplied). A new trial pursuant to Rule 33 based on newly discovered evidence may be granted "only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." United States v. Owen, -- F.3d --, 2007 WL 2472019, at *4 (2d Cir. Sept. 4, 2007) (citation omitted).

DiPietro's Rule 33 motion was received on May 18, 2007, long after DiPietro's sentence and the customary time for a new trial motion.[3] To justify the delay in bringing the motion, DiPietro contends that he just recently learned that Geduldig did not receive the discovery materials that had been given to

---

[3] DiPietro's Rule 33 motion has been prepared by one of his sons, but it bears his signature.

5

Bondy.  He contends that there should have been a continuance of the trial date, or that Bondy should have been paid with CJA panel funds.  To support his motion, DiPietro attaches eight photographs.  Several show stacks of bound volumes of papers; others picture labels addressed to Bondy for discovery materials in this prosecution.

DiPietro's submissions do not raise an issue of fact as to two critical points that underlie this motion:  first, whether DiPietro in fact failed to receive and review the discovery material in this case, or second, the date DiPietro knew or should have known of this purported fact.  While he attaches photographs to his moving papers, it is not clear precisely what those photographs represent or when they were taken.  Notably, there is no affidavit from the photographer, Bondy, Geduldig, or the paralegal who assisted Geduldig in reviewing discovery material and preparing for trial.

Against this application, there is the evidence that Geduldig worked diligently from September 16, 2005 to prepare for trial, and throughout the trial to represent DiPietro.  As reflected in his CJA vouchers, DiPietro met with Bondy for four and a half hours on September 15, and then reviewed discovery materials for hours on every day that followed, until the trial began.  He met with DiPietro on September 16, and again on September 22.  During the pretrial period, beginning on

6

Septebmer 19, the paralegal met with Bondy, reviewed discovery materials, and also met with DiPietro.

After the trial began, Geduldig saw DiPietro every day of trial, and worked additional hours on almost every trial day and weekend day to review the evidence and witness testimony and to prepare his cross-examinations.  DiPietro and Geduldig sat next to each other during the three-and-a-half-month trial, sitting alone at the fourth and last table in the well of the courtroom. They conversed frequently, often leaning their shoulders together to better hear each other's comments during the proceedings.  As the trial progressed, it appeared that they had developed an exceedingly close bond.

Moreover, even as early as September 26, the first day of trial, DiPietro expressed his confidence in Geduldig and explained that he did not require that Bondy remain available to him or Geduldig in the courtroom.  At no point during the trial did DiPietro ever raise any complaint about Bondy's absence or DiPietro's lack of preparation.

For these reasons, and as described below, DiPietro has plainly not met his burden of demonstrating that the proffered evidence was newly discovered.  See United States v. Canova, 412 F.3d 331, 349 (2d Cir. 2005).  Accordingly, there is no need to hold an evidentiary hearing on these issues.  See United States v. Sasso, 59 F.3d 341, 351 (2d Cir. 1995).

7

While he included no example of any deficient performance in his moving papers, in reply, DiPietro points to the following.[4] DiPietro principally asserts that he was prejudiced by Geduldig's failure to interview and call three witnesses. The first is Pete Forchetti, an FBI informant. DiPietro was convicted of an extortion at Forchetti's business, the Mirage. DiPietro describes a tape-recorded conversation in which Forchetti denied that DiPietro had ever approached him or demanded to be a partner in his business. DiPietro next identifies Frank Taddeo as a person who could have testified about events concerning John Perazzo. While the kidnapping and torture of Perazzo were the centerpiece of the federal trial at which Bondy had recently represented DiPietro, DiPietro was not charged with those crimes in the instant case. Reference was nonetheless made to some of the Perazzo events, albeit briefly, when defense counsel cross-examined trial witness Maurizio Sanginiti regarding them. Finally, DiPietro contends that

---

[4] In outlining certain standards of conduct for counsel, DiPietro refers to the importance of trial preparation when an attorney advises a defendant whether to plead guilty or proceed to trial. DiPietro does not argue, however, that Geduldig provided ineffective assistance to him in this regard. He does not assert, for instance, that he is guilty and would have been willing to enter a plea of guilty or address the extent to which he and Bondy had discussed this option with each other. See United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). Accordingly, there is no necessity to address this issue further.

8

Geduldig should have called a Mr. Deniss, the owner of the Bayahibe Bar, to testify that he is his friend and that they had no argument.[5]

DiPietro has not shown that he is entitled to a new trial based on the purported failure to interview and call these three men as witnesses at trial.  For example, DiPietro does not attach any affidavits from these three putative witnesses, explaining what they would have said if called to testify at trial.  See Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990).  But most significantly for purposes of this Rule 33 motion, he does not identify any document produced in discovery that would have assisted Geduldig in evaluating their utility as witnesses.  As he implicitly acknowledges, DiPietro himself was in the best position to identify these witnesses to Geduldig and to explain how they might be useful to him.  Indeed, in support of this motion DiPietro admits that he advised Geduldig of the relevant facts about each of these three witnesses.  DiPietro knew, therefore, during the trial itself that Geduldig had the

---

[5] Because DiPietro first described the purported failure to call witnesses in his reply, the Government has not had an opportunity to address these issues.  If it were necessary to assess the extent to which DiPietro's defense may have been prejudiced by the absence of these witnesses at trial, the Government would have been given an opportunity to submit a sur-reply.  For the reasons explained above, however, it is unnecessary in the context of this Rule 33 motion to explore the admissibility, relevance and materiality of the testimony that these three witnesses may have been able to give.

9

necessary information about these three men to evaluate whether they would be useful witnesses and that Geduldig did not call them as witnesses.  Ordinarily, a defense counsel's decision as to which witnesses to call is a tactical decision left to counsel's discretion.  <u>See</u> <u>United States v. Smith</u>, 198 F.3d 377, 386 (2d Cir. 1999).  DiPietro has not shown that any complaint about this aspect of Geduldig's performance is supported by newly discovered evidence such that it may be raised through a late-filed Rule 33 motion.

DiPietro next contends that Geduldig should have worked harder to capitalize on the evidence that he was not participating with his fellow conspirators during part of the charged conspiratorial period, and then criticizes Geduldig for bringing before the jury the fact that he was in jail during part of the conspiracy.  This accusation, however, is not tethered to any accusation that Geduldig would have conducted himself differently had he reviewed certain materials produced by the Government in discovery, and thus is beyond the proper scope of this Rule 33 motion.

For a similar reason, DiPietro's final complaint also fails.  DiPietro complains that Geduldig's summation was rushed and replete with biased remarks and sarcasm.  The summation came months after Geduldig's appointment, and after months of trial testimony.  DiPietro has pointed to nothing in the Rule 16

10

discovery materials that could have or should have made any difference to the framing of the summation arguments.

To the extent that the Rule 33 motion raises issues concerning the Government's conduct at trial or the jury charge, those are clearly beyond the scope of this Rule 33 motion. These issues do not concern Geduldig or the alleged recent discovery of unexamined discovery materials.

CONCLUSION

Angelo DiPietro's May 10, 2007 Rule 33 motion is denied.

SO ORDERED:

Dated:   New York, New York
         October 23, 2007

                                    _____
                                            DENISE COTE
                                    United States District Judge

Copies sent to:

Timothy J. Treanor
Jennifer G. Rodgers
Benjamin Gruenstein
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Angelo DiPietro
USP Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887